UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O.Z. MARTIN, | No.  2:21-cv-1967 KJM KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| R.C. JOHNSON, | |
| Respondent. | |

I. Introduction

  Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his March 4, 2020 disciplinary conviction for battery with a deadly weapon on another inmate.  This matter is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the reasons set forth below, this court concludes that the petition should be dismissed for lack of jurisdiction.

II. Background

  Petitioner is serving an indeterminate sentence of 27 years to life for attempted murder, plus 16 years of enhancements, with the possibility of parole.  However, in this case petitioner challenges his 2020 prison disciplinary resulting from an assault on February 8, 2020, at the California Health Care Facility in Stockton, California.  Petitioner was charged with battery with

1

a deadly weapon, and on March 4, 2020, petitioner was found guilty. The rules violation report set forth the video evidence:

> The video footage shows inmate Batres and Loya initiated the attack on inmate Martin. Inmate Batres and Loya approach inmate Martin and surround him in their wheelchairs. Inmate Batres takes off his footrest off his wheelchair and stands up and attempts to strike inmate Martin with the foot rest. Inmate Martin grabs a chair to protect himself and then pushes it away. Inmate Batres swings the foot rest with his right hand and strikes inmate Martin's left hand as inmate Martin blocks the swing. Inmate Martin then grabs inmate Batres in the upper torso area and they are both swing[ing] and striking at each other. Inmate Martin takes the foot rest from inmate Batres and strikes him approximately 3 times until inmate Batres fall[s] on his back. Inmate Martin then hits inmate Batres in the right hand as inmate Batres uses his legs to push inmate Martin away. Inmate Martin then drops the foot rest as Custody respond[s].

(ECF No. 1 at 55.)

The senior hearing officer ("SHO") acknowledged that petitioner was attacked and had to defend himself, but found petitioner committed battery with a deadly weapon when petitioner took the footrest from Batres and hit inmate Batres with it. (ECF No. 1 at 55.) The SHO wrote that "[i]nmate Martin had the opportunity to dispose of the deadly weapon prior to battering inmate Batres with the deadly weapon." (Id.) As a sanction, petitioner was assessed 181 days of credit loss. (Id.)

On April 1, 2020, petitioner appeared before an Institutional Classification Committee ("ICC") for review of the administrative segregation placement resulting from the February 8, 2020 rule violation. (ECF No. 1 at 76.) The ICC reviewed petitioner's disciplinary history and the rule violation and imposed an 18 month Security Housing Unit ("SHU") term. (Id.) On April 22, 2020, petitioner had a subsequent ICC hearing; the ICC mitigated petitioner's SHU term to 17 months due to petitioner's lack of similar disciplinary violations within the prior five years. (ECF No. 1 at 78.)

State Court Petitions

On January 25, 2021, petitioner filed a petition for writ of habeas corpus in the Solano County Superior Court challenging the February 8, 2020 prison disciplinary and subsequent ICC hearings. (ECF No. 11 at 16-117.) On March 18, 2021, the Solano County Superior Court

1  affirmed the disciplinary conviction. (ECF No. 1 at 111-13.) The superior court found that
2  petitioner failed to demonstrate exhaustion of administrative remedies, citing In re Dexter (1979)
3  25 Cal. 3d 921, 925; In re Muszalski (1975) 52 Cal.App.3d 500, 503.[1] (ECF No. 1 at 112.) The
4  superior court further held that even if exhaustion was excused, petitioner failed to demonstrate
5  "any violation of due process rights," finding as follows: (1) the SHO watched and considered
6  the video evidence, fully considering petitioner's claim of self-defense in finding petitioner
7  guilty; (2) petitioner failed to provide "concrete facts and clear averments demonstrating that the
8  [SHO] was so contaminated with bias and prejudice that a fair hearing could not be had[,]" or
9  "any facts suggesting that a reasonable hearing officer could have reached a different decision
10 given the ample evidence in the record supporting his guilt and the lack of any evidence
11 exonerating or excusing petitioner's conduct[;]" and (3) petitioner failed to show he was
12 "wrongfully denied a staff assistant or investigative employee at his [ICC] hearings," and
13 petitioner's "documented history of violent behavior towards other inmates [was] some evidence
14 to support the [ICC]'s decision to classify petitioner at a higher security level based on his past
15 behavior." (ECF No. 1 at 112-13.)
16      Subsequently, petitioner filed a petition for writ of habeas corpus in the California Court
17 of Appeal for the First Appellate District. (ECF No. 11 at 119-237.) The state appellate court
18 denied the petition on May 6, 2021, without comment. (ECF No. 1 at 115; 11 at 359.)
19      On May 24, 2021, petitioner filed a petition for writ of habeas corpus in the California
20 Supreme Court. (ECF No. 11 at 239-359.) The California Supreme Court denied the petition on
21 August 11, 2021, citing see In re Dexter (1979) 25 Cal.3d 921, 925-26 [a habeas corpus petitioner
22 must exhaust available administrative remedies].) (ECF No. 1 at 117.)
23      The Federal Petition
24      Petitioner filed the instant petition on October 22, 2021. (ECF No. 1.) Petitioner claims
25 (1) his due process rights were violated because there was no evidence to support the guilty
26

---

27 [1] Dexter stands for the proposition that a state habeas petitioner "will not be afforded judicial relief unless he has exhausted administrative remedies." Id. at 925; Muszalski, 52 Cal.App.3d
28 503 (same).

3

finding of battery with a deadly weapon; (2) the SHO was biased by intentionally suppressing both exculpatory evidence of the video footage of the armed attack on petitioner and documentary evidence of his right to self-defense; (3) the SHO predetermined petitioner's guilt in violation of due process; (4) the incident commander's conspiracy to cover up armed assailants Batres and Loya's attack on petitioner denied petitioner due process and violated the Eighth Amendment; (5) there was insufficient evidence to support the charge of battery with a deadly weapon on armed assailant Batres; (6) the ICC's exclusion of mitigating factors in imposing the 17 month SHU term denied due process; and (7) the appeals office's refusal to respond to petitioner's request for third level review denied petitioner due process. (ECF No. 1.)

Respondent filed an answer, arguing that: the petition is procedurally barred; petitioner's challenge to the prison disciplinary is not cognizable on habeas review; petitioner cannot show that the state court's denial of his claims was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented to the state court; and that petitioner is not entitled to federal habeas relief based on perceived violations of state law. (ECF No. 11.)

Petitioner filed a traverse. (ECF No. 14.) Petitioner states he was finally provided a third level response in 2021 stating petitioner had exhausted his administrative remedies and argues such decision renders the procedural default moot. Further, petitioner argues respondent's claim that his challenge to the disciplinary is not cognizable on habeas is meritless because (a) federal courts have routinely permitted prisoners to challenge the violation of a procedural right; and (b) the state courts failed to apply state and federal self-defense laws to petitioner's self-defense claim, violating his due process rights to fundamental fairness and was contrary to clearly established federal law; the state courts' denial was contrary to due process and Brown v. United States, 250 U.S. 335 (1921), and based on an unreasonable determination of the facts. (ECF No. 14.)

////

////

III. Standards for a Writ of Habeas Corpus

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

IV. Federal Habeas Jurisdiction

The undersigned addresses federal habeas jurisdiction first.

Respondent contends federal habeas jurisdiction is lacking because the forfeiture of 181 days of credits does not affect petitioner's indeterminate sentence. Petitioner counters that courts have regularly interpreted § 2254 to include actions brought by prisoners who assert their confinement was predicated on the violation of a procedural right. (ECF No. 14 at 5) (citing Edwards v. Balisok, 520 U.S. 641, 648 (1997); Dixon v. Williams, 750 F.3d 1027, 1032 (9th Cir. 2014). Further, petitioner contends that courts have regularly heard such petitions even when the relief sought would not necessarily result in a speedier release. (ECF No. 14 at 6) (citing Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); Rodriguez v. Copenhaver, 823 F.3d 1238 (9th Cir. May 25, 2016).

////

Federal courts may entertain only habeas claims that come within the core of federal habeas jurisdiction, Preiser v. Rodriguez, 411 U.S. 475, 487 (1973), meaning claims challenging the validity or duration of a prisoner's confinement, Muhammad v. Close, 540 U.S. 749, 750 (2004); Dominguez v. Kernan, 906 F.3d 1127, 1137 (9th Cir. 2018). Accordingly, challenges to prison disciplinary findings support federal habeas jurisdiction only if the disciplinary action resulted in a credit loss that directly and necessarily affects the duration of confinement. Nettles v. Grounds, 830 F.3d 922, 934-935 (9th Cir. July 26, 2016) (en banc), cert. denied, 137 S. Ct. 645 (2017); see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is proper where a challenge to the prison conditions would, if successful, necessarily accelerate the prisoner's release.").

In Nettles, the Ninth Circuit held that the district court lacked jurisdiction over the discipline-related claim of a California inmate serving an indeterminate life sentence because he had not yet been found suitable for parole. Nettles, 830 F.3d at 934-35. Under these circumstances, and because many factors independent of a particular disciplinary infraction can influence future parole suitability determinations, expungement of the disciplinary finding or restoration of lost good-time credits would not necessarily accelerate the inmate's release. Accordingly, petitioner's claims are not cognizable in habeas. See Nettles, 830 F.3d at 934-35.

The authorities relied on by petitioner are unavailing. For example, in Dixon, the court was not addressing a challenge to a prison disciplinary, but rather the state prisoner's claim of an alleged erroneous jury instruction. 750 F.3d at 1032. Moreover, the remaining cases relied on by petitioner were addressed by the Ninth Circuit in Nettles. 830 F.3d at 927, 929-30 (Wilkinson); 928-29 (Edwards); 931 (Rodriguez).[2] This court is bound by the holding in Nettles. Here, expungement of the prison disciplinary and restoration of credits might increase the likelihood of a future grant of parole but would not guarantee petitioner's release on parole or otherwise "necessarily result in speedier release" under state law. Nettles, 830 F.3d at 934-35. "Because

---

[2] In Rodriguez, the federal prisoner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Rodriguez, 823 F.3d 1238. In Nettles, the Ninth Circuit declined to address how the standard adopted in Nettles applied to relief sought by prisoners in federal custody. 830 F.3d at 931.

the parole board has the authority to deny parole 'on the basis of any of the grounds presently available to it,' . . . the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." Nettles, 830 F.3d at 935 (citation omitted).

Accordingly, the petition should be dismissed for lack of jurisdiction.[3]

V. Procedural Default

Respondent also argues that the federal petition is barred by the doctrine of procedural default as evidenced by the California Supreme Court's denial of petitioner's final state habeas petition for failure to exhaust administrative remedies that cited In re Dexter, 25 Cal. 3d 921, 925 (1979). Respondent contends that the exhaustion of administrative remedies requirement is an adequate state law ground that is well-established and consistently applied and argues that because petitioner cannot demonstrate that California courts do not consistently apply this procedural requirement, the petition should be dismissed.

Petitioner does not address the implications of the state court's denial under Dexter. Rather, petitioner contends he submitted appeals to the third level of review on June 5, 2020, June 22, 2020, and July 19, 2020, but prison officials failed to respond within the 60 day deadline. (ECF No. 14 at 3.) It was not until about 16 months later, in November of 2021, petitioner received third level responses advising that his administrative remedies were exhausted. (ECF No. 14 at 4.) Thus, petitioner argues that the issue of administrative exhaustion is moot.

Standard of Review for Procedural Default

A federal court cannot review claims in a petition for writ of habeas corpus if a state court denied relief on the claims based on state law procedural grounds that are independent of federal law and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 750 (1991). "A

---

[3] The court has discretion to convert petitioner's § 2254 application to a § 1983 action. See Nettles, 830 F.3d at 936 (stating that "a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner"). In this case, petitioner does not seek damages or name as defendants the individuals responsible for the alleged violations of his due process rights; in addition, conversion would subject petitioner to substantial filing fees. For these reasons, the undersigned declines to recommend conversion of the habeas petition into a civil rights action.

district court properly refuses to reach the merits of a habeas petition if the petitioner has defaulted on the particular state's procedural requirements." Park v. California, 202 F.3d 1146, 1150 (2000).

A petitioner procedurally defaults his claim if he fails to comply with a state procedural rule or fails to raise his claim at the state level. Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (citing O'Sullivan v. Boerckel, 562 U.S. 838, 844-45 (1999) ). The procedural default doctrine applies when a state court determination of default is based in state law that is both adequate to support the judgment and independent of federal law. Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). An adequate rule is one that is "firmly established and regularly followed." Id. (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991) ); Bennett v. Mueller, 322 F.3d 573, 583 (9th Cir. 2003). An independent rule is one that is not "interwoven with federal law." Park, 202 F.3d 1146 at 1152 (quoting Michigan v. Long, 463 U.S. 1032, 1040-41 (1983) ).

When a state prisoner defaulted on his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750.

Discussion

Technically, the procedural bar doctrine is not a jurisdictional issue when considering habeas petitions under 28 U.S.C. § 2254. See Lambrix v. Singletary, 520 U.S. 518, 523 (1997). Generally, however, federal courts should decide a procedural bar issue along with jurisdictional issues before addressing other non-jurisdictional issues. See id. at 524-25 (stating that usually federal courts should decide a procedural bar issue before addressing a non-retroactivity issue under Teague v. Lane, 489 U.S. 288 (1989)). That said, the Ninth Circuit acknowledges that "[p]rocedural bar issues are not infrequently more complex than the merits issues presented by the appeal, so it may well make sense in some instances to proceed to the merits if the result will be the same." Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) (citing Lambrix, 520 U.S. at 525).

Here, as discussed above, the undersigned determined that this court lacks federal habeas jurisdiction over petitioner's claims, which is dispositive. Success on the merits of petitioner's claims would not necessarily advance his release date, and therefore his claims are not cognizable on habeas corpus review. Thus, the undersigned declines to reach the procedural default issue. See Rios v. Paramo, No. 15-cv-1331 BAS RBB, 2016 WL 11281163, at *9 (S.D. Cal. Feb. 8, 2016), report and recommendation adopted, 2016 WL 6247018 (S.D. Cal. Oct. 26, 2016) (declining to reach procedural default issue because federal habeas jurisdiction lacking); see also Malo v. Tampkins, No. 13-cv-02449, 2014 WL 2573313, at *19 (S.D. Cal. June 6, 2014) (declining to decide whether ineffective assistance claim was procedurally barred because statute of limitations issue dispositive); Montue v. Schwartz, No. CIV S-04-1697 FCD JFM, 2008 WL 906440, at *3 (E.D. Cal. Apr. 1, 2008), report and recommendation adopted, 2008 WL 2276212 (E.D. Cal. May 30, 2008), aff'd, 455 F. App'x 732 (9th Cir. 2011) (declining to address procedural default for failure to exhaust administrative remedies where case more easily addressed on the merits); Lyons v. Knowles, No. CIV S-03-1127 GEB DAD, 2007 WL 2019650, at *6 (E.D. Cal. July 10, 2007), report and recommendation adopted, 2007 WL 2491857 (E.D. Cal. Aug. 30, 2007) (same).

VI. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after

service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 6, 2023

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mart1967.157

10