UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

O.Z. MARTIN,

    Petitioner,

v.

R.C. JOHNSON,

    Respondent.

No. 2:21-cv-01967 KJM KJN P

ORDER

Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 6, 2023, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Petitioner has filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

Petitioner objects to the findings and recommendations on two grounds: 1) the magistrate judge erred in recommending the petition be dismissed for lack of jurisdiction; and 2) the

1

magistrate judge erred in declining to convert this petition to a civil rights action under section 1983. *See* Objs. at 7–9, ECF No. 19.

First, the court agrees with the magistrate judge and finds the court does not have jurisdiction over the habeas petition because petitioner's claims do not fall within the "core of habeas corpus." In other words, for the reasons outlined in the findings and recommendations, *see* F. & R. at 5–7, ECF No. 16, success on petitioner's claims "would not necessarily lead to his immediate or earlier release from confinement," *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). The court declines to reiterate the magistrate judge's discussion here.

Second, the court finds the magistrate judge did not err in declining to recommend conversion of the habeas petition into a section 1983 civil rights action. *See* F. & R. at 7 n.3. A court has discretion to convert a habeas petition "[i]f the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief[.]" *Nettles*, 830 F.3d at 936 (quoting *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)). Here, the petition is not amenable to conversion on its face: it names the warden, R.C. Johnson, as the sole defendant, and the sole remedy requested is for the court to grant the petition. *See generally* Petition, ECF No.1; *see also* F. & R. at 7 n.3. Accordingly, conversion of the petition to a section 1983 action is not warranted here.

Before petitioner can appeal this decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The court finds jurists of reason would not find it debatable that the court lacks jurisdiction over this petition or that the petition should be converted to a civil rights action.

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 6, 2023, are adopted in full;
2. Petitioner's application for a writ of habeas corpus is dismissed for lack of jurisdiction;
3. The Clerk of the Court is directed to close this case; and
4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: August 18, 2023.

CHIEF UNITED STATES DISTRICT JUDGE